Reese, J.
delivered the opinion of the court.
The question, in this case, is, whether an execution creditor of one member of a partnership, is entitled to a judgment, in a garnishment proceeding, against a debtor to such partnership. This question we decide in the negative. Such debt belongs to, and is assets of the partnership, primarily liable to the satisfaction of partnership debts.
If a judgment were given at law, upon the garnishment *234 proceeding against the debtor to the partnership, to satisfy the separate liability of one of the partners, it would unjustly abstract a portion of the fund primarily belonging to the objects and purposes and creditors of the concern. And, in such garnishment, nothing can be done but to give or to refuse the judgment. The court has no power to impound the debt, until, by the adjustment of all the partnership affairs, it shall appear whether the separate debtor of the execution creditor has any, and what interest in the general surplus, or in the particular debt so impounded. Such proceedings cannot take place at law.
Let the judgment of the circuit court be affirmed.
Note. — The general rule would seem to be, in equity, that the joint creditors have a priority of right to payment out of the joint estate, and the separate creditors a like right of priority to payment out of the separate estate, and the surplus, if any, is divisible among the other class of creditors. — Story on Partnership, 516; 3 Kent, 65; 5 John.,Ch. R. 66; 22 Pick. 450; 8 Ves. 118. See 2 Hum. 459, Martin & Y.